IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WITHERSPOON ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-09Erie |
| ) | District Judge McLaughlin |
| PA BD OF PROBATION & PAROLE, ) | |
| et al., ) | Magistrate Judge Baxter |
|       Defendants. ) | |

MAGISTRATE JUDGE'S

REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [Document # 8] be granted.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On January 13, 2006, Plaintiff, a prisoner currently incarcerated at SCI-Albion and acting *pro se*, filed this civil rights action under 42 U.S.C. §1983. Named as Defendants are: the Pennsylvania Board of Probation and Parole (hereafter, "Board") and Department of Corrections Superintendent Marilyn Brooks.

Plaintiff was convicted of rape and involuntary deviant sexual intercourse in the Court of Common Pleas of Philadelphia County, Pennsylvania, around April of 1995. While his maximum sentence expires on October 29, 2012, Plaintiff became eligible for release on parole on October 29, 2002. On September 27, 2002, the Board denied Plaintiff parole citing, among other reasons, Plaintiff's "refusal to accept responsibility for the offenses he committed" and "his need to participate and complete additional institutional programs." Document # 1,

Complaint, page 9. Plaintiff has repeatedly been denied parole.

As relief, Plaintiff seeks:

> Injunctive relief were [sic] Petitioner [sic] does not have to admit guilt in his case and/or take a program requiring him to admit guilt, in order to make parole. Also, injunctive relief, for immediate parole hearing in accordance with statutory laws and administrative rules in place when Petitioners crimes were committed and an order directing the State to comply with due process and ex post facto requirements in the future.

Id. at 7.[1]

Defendants have filed a motion to dismiss along with a supporting brief and Plaintiff has filed an Opposition to the pending motion. The legal issues are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949

---

[1] Plaintiff seeks only injunctive relief in this civil rights action. Although at first blush, Plaintiff's claim sounds in habeas, such a § 1983 claim is permissible. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

3

**C.    Defendant Pennsylvania Board of Probation**

Defendants have moved for dismissal based upon immunity under the Eleventh Amendment. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)). The Pennsylvania Board of Probation and Parole has Eleventh Amendment immunity. Alabama v. Pugh, 438 U.S. 781 (1978); Opher v. Commonwealth of Pennsylvania Bd. of Probation and Parole, 2005 WL 3488871, at * 2 (E.D.Pa. 2005). Thus, unless the Commonwealth of Pennsylvania has consented to suit here or the Congress has expressly abrogated this Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed against the Board of Probation and Parole.

Therefore, the motion to dismiss should be granted in this regard.[2]

**D.    Defendant Brooks**

Defendants have moved for the dismissal of Superintendent Marilyn Brooks because Plaintiff has not alleged her personal involvement in the denial of his parole.

---

[2] This Court also notes that the Board is not a "person" capable of being sued under Section 1983. Reseigh v. Luzerne County Correctional Facility, 2006 WL 2924876, * 2 (M.D.Pa., October 10, 2006) ("The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because 'it is not a 'person' within the meaning of Section 1983.'" Thompson v. Burke, 556 F.2d 231, 232 (3d Cir.1977).).

4

When a supervisory official is sued in a civil rights action, monetary liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).  Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207).  Section 1983 liability cannot be predicated solely on *respondeat superior*.  Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

In his *pro se* complaint, Plaintiff does not seek monetary relief, only injunctive relief.  At any rate, his allegations against Defendant Brooks are not found in his complaint.  Instead, Plaintiff explains in his Letter Brief in Opposition to the pending motion that Defendant Brooks failed to give him the parole recommendation that he needed.

Although he has made an assertion that Defendant Brooks is somehow involved in the denial of his parole, Plaintiff has failed to state a claim upon which relief may be granted in this case.  As relief, Plaintiff seeks an injunction directing that he will not have to admit guilt to his underlying offense, "and/or take a program requiring him to admit guilt, in order to make parole," and an immediate parole hearing. Plaintiff misunderstands the Warden's responsibilities.  The Warden of an institution does not make parole decisions or parole policy.

Such parole decisions and policy determinations are made by the Board and its individual members.[3] The Warden has no power to give Plaintiff the relief which he seeks, even if she were ordered to do so by this Court. So then, Plaintiff's request for injunctive relief against Defendant Brooks is misplaced.

Accordingly, the motion to dismiss should be granted as to Defendant Brooks.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the motion to dismiss filed by Defendants [Document # 8] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing

---

[3] 61 P.S. § 331.2 provides:
> There shall be and there is hereby established an independent administrative board for the administration of the probation and parole laws of this Commonwealth which shall be known as the "Pennsylvania Board of Probation and Parole," and which is hereinafter referred to as the "board." Said board shall consist of nine members who shall be appointed by the Governor, by and with the advice and consent of a majority of all the members of the Senate, and each of whom shall hold office for a term of six years, or until his successor shall have been duly appointed and qualified, but in no event more than ninety days beyond the expiration of his appointed term. .... To be eligible to be appointed by the Governor for membership on the board, an individual shall have at least six years of professional experience in parole, probation, social work or related areas, including one year in a supervisory or administrative capacity and a bachelor's degree. Any equivalent combination of experience and training shall be acceptable.

And, 61 P.S. § 331.4 provides:
> (b) The board may make decisions on parole, reparole, return or revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members. Panels shall be appointed by the chairman or the chairman's designee.

the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                              <u>Susan Paradise Baxter</u>
                                              SUSAN PARADISE BAXTER
                                              Chief United States Magistrate Judge

Dated:  November 30, 2006